UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
YURIY PRAKHIN,



      Plaintiff,

      -against-

THE CITY OF NEW YORK, Police Officer JOHN
DOE 1 of the New York City Police Department 60th
Precinct, and Police Officer JOHN DOE 2 of the New
York City Police Department 60th Precinct,



      Defendants.

------------------------------------------------------------------------ x

The plaintiff, complaining of the defendants, by his attorney, ALEXEI GROSSHTERN, ESQ. respectfully shows to this Court and alleges:

### JURISDICTION AND VENUE

1. Plaintiff brings this action for compensatory damages, and punitive damages pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

4. Venue is properly laid in the Southern District of New York under 28 U.SC. §1391(b) and §1391(c), in that the defendant's, the City of New York, offices are located within the District.

### JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R.Civ.P. 38(b).

### PARTIES

6. The plaintiff is a United States Citizen and is a resident of the United States, State of New York, and the County of Kings.

7. Defendant, the City of New York (hereinafter referred to as "NYC"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, NYC, maintains the New York City Police Department a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the two individual defendants that are police officers employed by the New York City Police Department, Police Officer JOHN DOE 1, a white male approximately twenty five to thirty five years old, of the New York City Police Department 60th Precinct (hereinafter referred to as "JOHN DOE 1") and Police Officer JOHN DOE 2, a white male approximately twenty five to thirty five years old, of the New York City Police Department 60th Precinct (hereinafter referred to as "JOHN DOE 2"), were duly sworn police officers of said police department and were acting under the supervision of said police department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of defendants, JOHN DOE 1 and JOHN DOE 2, alleged herein were done by said defendants while acting within the scope of their employment by defendant NYC.

12. Each and all of the acts of the defendants, JOHN DOE 1 and JOHN DOE 2, alleged herein were done by said defendants while acting in furtherance of their employment by defendant NYC.

## FACTS

13. Upon information and belief, on or about March 30, 2007, plaintiff was operating his motor vehicle on a road within a gated residential community, in which plaintiff resides, in Brooklyn, New York.

14. Upon information and belief, on the above date, defendants JOHN DOE 1 and JOHN DOE 2, while on duty as New York City Police officers, drove an automobile around and in front of plaintiff's automobile and stopped thereby causing plaintiff to stop plaintiff's automobile.

15. Upon information and belief, defendants JOHN DOE 1 and JOHN DOE 2 came out of their vehicle and by force removed plaintiff from inside of plaintiff's vehicle thereby restraining and detaining plaintiff.

16. Upon information and belief, defendants JOHN DOE 1 and JOHN DOE 2 each proceeded to search plaintiff's person and plaintiff's automobile including plaintiff's briefcase without plaintiff's permission and as against plaintiff's will.

17. Upon information and belief, plaintiff is an attorney admitted to practice law in the State of New York, is self employed as an attorney, is known as an attorney in the immediate community where plaintiff was detained and plaintiff maintains plaintiff's law office in Brooklyn, New York.

18. Upon information and belief, at the time when the search of plaintiff's person and automobile conducted by defendants JOHN DOE 1 and JOHN DOE 2 did not yield any contraband and/or weapons, JOHN DOE 1 and JOHN DOE 2 permitted plaintiff to leave the scene of the detention and search.

19. Upon information and belief, plaintiff requested a reason/basis for the search after the search was concluded and requested that defendants JOHN DOE 1 and JOHN DOE 2 provide plaintiff with their shield identification numbers at which time JOHN DOE 1 and JOHN DOE 2 refused.

20. Upon information and belief, plaintiff was placed in handcuffs and under arrest when requesting an explanation for the search, requesting shield identification numbers and when responding to JOHN DOE 1 and JOHN DOE 2's questions acknowledging that plaintiff was an attorney.

21. Upon information and belief, defendants JOHN DOE 1 and JOHN DOE 2 placed plaintiff on the roadway side of plaintiff's car in handcuffs awaiting a police vehicle to transport plaintiff and when plaintiff requested of defendants JOHN DOE 1 and JOHN DOE 2 that plaintiff be placed on the sidewalk side of plaintiff's vehicle to spare plaintiff the humiliation of people from plaintiff's community seeing plaintiff under arrest, defendants JOHN DOE 1 and JOHN DOE 2 stated that passers by should see what had occurred and refused to move plaintiff.

22. Upon information and belief, defendants JOHN DOE 1 and JOHN DOE 2 detained and searched plaintiff and plaintiff's automobile at a central intersection in the above-mentioned gated community at which the plaintiff resides and numerous individuals that are known to plaintiff observed the plaintiff's detention and search by defendants JOHN DOE 1 and JOHN DOE 2.

23. Upon information and belief, defendants JOHN DOE 1 and JOHN DOE 2 placed handcuffs on plaintiff that were very tight causing extreme pain, plaintiff was then placed in to a New York City Police Department prisoner van, plaintiff was driven around in this prisoner van for approximately two hours during the time which other arrestees were picked up and was then delivered to the 60th Precinct of the New York City Police Department where plaintiff was admitted by a supervising officer at the precinct desk.

24. Upon information and belief, plaintiff's arrest was processed at the police precinct, plaintiff was then transported to Brooklyn Central Booking at 120 Schermerhorn Street in Brooklyn, New York and plaintiff spent the night and following day in a jail cell.

25. Upon information and belief, the District Attorney of Kings County New York chose not to prosecute plaintiff, approximately one day after the initial detention plaintiff was released directly from the custody of the New York City Police Department at Brooklyn Central Booking and no criminal charges where ever brought against plaintiff founded upon any allegation with respect to the above-described incident.

26. Upon information and belief, the defendants, through the actions of defendants JOHN DOE 1 and JOHN DOE 2 did seize the plaintiff's person without probable cause.

27. Upon information and belief, plaintiff did lose consciousness when plaintiff was driven around in the New York City Police Department prisoner van as other arrestees were being apprehended.

28. Upon information and belief, plaintiff sought medical attention after plaintiff's release seeing various medical professionals for hypertension, depression, sleep disorder, lack of appetite, headaches, sexual dysfunction and damaged nerves in the hands from handcuffs.

29. Upon information and belief, plaintiff's law practice has sustained financial losses as a result of members of the community observing and knowing about plaintiff's arrest.

## PENDENT STATE CLAIMS

30. That Notice of the Plaintiff's Claims for violation of civil rights, false arrest, false imprisonment, assault and battery, punitive damages, negligence in hiring and retaining, negligence in performance and negligence in training and supervising, the nature of the claims and the date of, the time when, the place where and the manner in which the claims arose were duly served upon the Comptroller of the defendant, CITY OF NEW YORK, on or about June 26, 2007.

31. That more than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make an adjustment or payment thereof which is satisfactory to plaintiff.

32. That this action is commenced within one year after the cause of action arose.

## FIRST CAUSE OF ACTION FOR DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C.§ 1983

33. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

34. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

35. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

36. The acts complained of were carried out by the aforementioned individual defendants John Doe 1 and John Doe 2 in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

38. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

39. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited hypertension, depression, sleep disorder, lack of appetite, headaches, sexual dysfunction and damaged nerves in the hands from handcuffs.

40. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION FOR FALSE ARREST UNDER 42 U.S.C. § 1983

41. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

42. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent in violation of the Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

43. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for plaintiff's safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with malicious intent.

45. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to hypertension, depression, sleep disorder, lack of appetite, headaches, sexual dysfunction and damaged nerves in the hands from handcuffs.

46. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

59. The acts complained of were carried out by defendants John Doe 1 and John Doe 2 in their capacities as employees of NYC, pursuant to the customs, usages, practices, procedures, and rules of defendant NYC, all under the supervision, and with the consent of managing and supervising employees and agents of defendant NYC.

60. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages as a result of such actions being done with malicious intent.

### FIFTH CAUSE OF ACTION FOR NEGLIGENCE AS AGAINST DEFENDANT NYC

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in prior paragraphs with the same force and effect as if more fully and at length set forth herein.

62. That the defendant NYC was negligent, careless and reckless in hiring and retaining as and for its employees, defendants John Doe 1 and John Doe 2 in that the said defendants lacked the experience, deportment and ability to be employed by defendant NYC; in that the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendants John Doe 1 and John Doe 2 who lacked the mental capacity and the ability to function as employees of defendant NYC; in that the defendant NYC failed to investigate the above named defendants' background and in that it hired and retained as employees of their police department individuals who were unqualified in that the defendants lacked the maturity, sensibility and intelligence to be employed when hired to be employees; and, in that the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

63. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to hypertension, depression, sleep disorder, lack of appetite, headaches, sexual dysfunction and damaged nerves in the hands from handcuffs.

64. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

Dated: New York, New York
       March 28, 2008

                              Very truly yours,

                              THE LAW OFFICE OF ALEX GROSSHTERN

                              By: _____
                              Alexei Grosshtern, Esq. (AG2865)
                              Attorney for Plaintiff,
                              YURIY PRAKHIN,
                              299 Broadway, Ste 1305
                              New York, New York 10007
                              Tel: (212) 233-1300
                              Fax: (212) 233-1333

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
YURIY PRAKHIN,

      Plaintiff,

          -against-                       **COMPLAINT**

THE CITY OF NEW YORK, Police Officer John Doe
1 of the New York City Police Department 60th
Precinct and Police Officer John Doe 2 of the New
York City Police Department 60th Precinct,

      Defendants.

------------------------------------------------------------------ x

                            Alexei Grosshtern, Esq.
                            *Attorney for the Plaintiff*
                            YURIY PRAKHIN,
                            299 Broadway, Ste 1305
                            New York, New York 10007
                            Tel.: (212) 233-1300
                            Fax.:(212) 233-1333

| To: | The City of New York<br>Office of the Comptroller<br>1 Centre Street<br>New York, NY 10007 | To: | Police Officer JOHN DOE 1 AND<br>Police Officer JOHN DOE 2<br>New York City Police Department<br>One Police Plaza<br>New York, NY 10038 |
|---|---|---|---|